|   |   |
|---|---|
| Dongguan Sanqishi Technology Co., Ltd., *Plaintiff*, v. Anker Innovations Technology Co., Ltd., *Defendant*. | **Case No. 2:26-cv-216**<br><br>**Complaint for Declaratory Judgment**<br><br>**Jury Trial Demand** |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Dongguan Sanqishi Technology Co., Ltd. ("Plaintiff"), against Defendant Anker Innovations Technology Co., Ltd. ("Defendant"), seeking a declaration that Plaintiff's desktop charging station products (the "Accused Products") do not infringe U.S. Patent No. 12,316,149 B2 ("the '149 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Products were removed from Amazon through enforcement of the '149 Patent.

**PARTIES**

2. Plaintiff Dongguan Sanqishi Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with a principal place of business located at Dongguan City, Guangdong Province, China.

3. Upon information and belief, Defendant Anker Innovations Technology Co., Ltd. is a company organized and existing under the law of China with a principal place of business at Room 701, Building 7, Zhongdian Software Park, 39 Jianshan Road, Hi-tech Zone, Changsha City, Hunan Province, China.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

5. An actual case or controversy exists between the parties. Defendant caused Amazon to take enforcement action against Plaintiff's listings (ASINs: B0DT1316TR, B0F5VQXY35) based on a patent-infringement report identifying the asserted IP as U.S. Patent No. 12,316,149 B2. As a result, Amazon removed and suppressed Plaintiff's listings, materially disrupting Plaintiff's sales of the Accused Products. Defendant's enforcement activities, coupled with Amazon's enforcement mechanisms, continue to place Plaintiff's listings and Plaintiff's ability to sell the Accused Products under an ongoing threat of renewed removal or suppression, thereby

creating a continuing cloud over Plaintiff's U.S. business and an actual controversy under 28 U.S.C. § 2201 et seq.

6. This Court has specific personal jurisdiction over Defendant at least because Defendant purposefully directed patent-enforcement activities into this District by initiating and prosecuting an Amazon patent-enforcement proceeding against Plaintiff's accused Amazon listing, which foreseeably caused enforcement communications and actions by Amazon personnel located in Seattle, Washington, including removal of Plaintiff's listing and disruption of Plaintiff's sales. Such extra-judicial enforcement efforts aimed at causing marketplace takedowns within the forum constitute purposeful direction sufficient for specific jurisdiction. See, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008). Each claim arises directly out of Defendant's enforcement conduct directed at this forum, establishing minimum contacts consistent with Washington's long-arm statute, RCW 4.28.185, and due process.

7. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE FACTUAL BACKGROUND

8. Plaintiff designs, sources, and sells desktop charging station products on Amazon.com and other ecommerce channels. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

9. On December 24, 2025, Amazon issued Plaintiff a policy warning and notified Plaintiff that it had removed Plaintiff's listings for ASINs: B0DT1316TR, B0F5VQXY35 based on a report alleging patent infringement, identifying the asserted IP as "US12316149B2." Amazon's notice further identified: Infringement type: Patent; Complaint ID: 19162744491; Rights owner email: liam.lee@anker.com. Amazon explained that it removed the listings because

it "received a report from a rights owner alleging they may infringe upon their patent." and advised that Plaintiff could contest the action through Amazon's appeal process. *See* **Exhibit B**.

10. Plaintiff disputes Defendant's allegations and denies that the Accused Products infringe the '149 Patent.

11. Defendant's infringement report and Amazon's resulting enforcement action caused immediate and concrete harm to Plaintiff, including lost sales (and chilled prospective sales), damage to goodwill, disruption to inventory and advertising planning, and diversion of resources to address the complaint and appeal.

12. Amazon is Plaintiff's primary sales channel in the United States for the Accused Products. To remain competitive, Plaintiff must maintain its product listings on Amazon. Defendant's enforcement conduct has already resulted in marketplace removal of Plaintiff's listings, disrupting Plaintiff's access to its most significant channel of trade and causing harm that is not readily quantifiable in damages.

**The '149 Patent**

13. The '149 Patent was filed on August 26, 2024, and issued on May 27, 2025. A true and correct copy of the '149 Patent is attached hereto as **Exhibit A**.

14. The '149 Patent is entitled "Charging device with movable board" and generally discloses a charging device including a housing, a movable board, a charging circuitry and a power interface.

15. The '149 Patent has three independent claims and seventeen dependent claims.

16. Upon information and belief, Defendant is the owner of the '149 Patent.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '149 Patent)**

17. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

18. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Accused Products infringe the '149 Patent, as evidenced by Defendant's enforcement activities directed to Plaintiff and Plaintiff's listing, as set forth above. A judicial declaration is necessary to determine the parties' respective rights with respect to the '149 Patent.

**Claim 1**

19. Independent Claim 1 requires, among other limitations, "a flip cover, wherein the flip cover is pivotably connected to the body." As set forth in the intrinsic record, this limitation requires a structural rotational coupling in which the flip cover rotates relative to the body about a defined pivot axis anchored relative to the body.

20. The Accused Products do not satisfy this limitation. As shown by the internal structure and observed operation of the Accused Products, the flip cover is not coupled to the body through a body-anchored pivot axis. Instead, the cover's motion is governed by an internal guided mechanism implemented on a movable internal subassembly that translates during use. *See* **Exhibit C**.

21. Any angular change in the cover's orientation occurs only relative to that translating internal subassembly, not by rotation about a defined axis anchored to the body. Because the alleged pivot axis shifts position relative to the body during operation, the Accused Products lack the claimed kinematic relationship required by Claim 1.

22. Accordingly, the Accused Products do not infringe Claim 1 of the '149 Patent, either literally or under the doctrine of equivalents. Treating a guided, non-axis-defined lifting

mechanism as equivalent to a flip cover pivotably connected to the body would improperly vitiate this express structural limitation.

23. Claim 14 independently requires, among other limitations, "a flip cover … the flip cover being pivotably connected to the body." This limitation imposes the same axis-defined rotational coupling requirement applicable to Claim 1.

24. For the same reasons set forth above with respect to Claim 1, the Accused Products do not include a flip cover that is pivotably connected to the body. The cover's deployment is governed by an internal guided mechanism implemented on a translating internal subassembly, such that any relative rotation occurs only with respect to that moving subassembly and not about a pivot axis anchored to the body.

25. Because the Accused Products lack a flip cover that rotates relative to the body about a defined, body-anchored axis, they do not infringe Claim 14 of the '149 Patent, either literally or under the doctrine of equivalents.

26. Independent Claim 20 further narrows the claimed invention by expressly requiring that "the flip cover is pivotably coupled to the body via a rotating shaft."

27. This limitation mandates a shaft-based rotational joint that implements the pivotable coupling between the flip cover and the body and defines a body-anchored pivot axis.

28. The Accused Products do not include such a structure. As shown by their internal configuration and operation, the flip cover is not coupled to the body through any rotating shaft. Instead, the cover's motion is governed by a guided linkage mechanism implemented on a translating internal subassembly, and any localized rotation occurs only relative to internal components whose position shifts during deployment.

29. Because the Accused Products lack a flip cover pivotably coupled to the body via a rotating shaft, they do not infringe Claim 20 of the '149 Patent, either literally or under the doctrine of equivalents.

30. In particular, the Accused Products do not include a flip cover that is pivotably connected to the body, as required by Claims 1 and 14, nor do they include a flip cover pivotably coupled to the body via a rotating shaft, as expressly required by Claim 20.

31. Because independent Claims 1, 14, and 20 are not infringed, the Accused Products likewise do not infringe any dependent claim of the '149 Patent that incorporates the limitations of those independent claims.

32. Plaintiff also does not indirectly infringe any claim of the '149 Patent. Plaintiff has not induced infringement under 35 U.S.C. § 271(b) because it has not knowingly encouraged, directed, or intended that any third party practice every limitation of any asserted claim. Nor does Plaintiff contributorily infringe under 35 U.S.C. § 271(c), because the Accused Products are staple articles of commerce with substantial non-infringing uses and are not especially made or adapted for use in any patented combination.

33. Defendant's unfounded assertions of infringement have caused and continue to cause immediate and irreparable harm to Plaintiff, including by disrupting Plaintiff's business operations and interfering with Plaintiff's ability to sell and distribute the Accused Products.

34. An actual, substantial, and immediate controversy exists between Plaintiff and Defendant concerning Plaintiff's non-infringement of the '149 Patent.

35. Plaintiff therefore seeks a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Laws of the United States, 35 U.S.C. § 101 et seq., that Plaintiff's Accused Products do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '149 Patent.

36. Plaintiff seeks all further relief to which it is entitled under law or equity.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff and against Defendant on Count I.

B. A declaration that Plaintiff's Accused Products do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 12,316,149 B2;

C. A finding that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees;

D. Awarding pre- and post- judgment interest; and

E. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: January 20, 2026

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

*Counsel for Plaintiff*